NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

PETER ROST,  :
 :
      Plaintiff,  :      **Hon. Dennis M. Cavanaugh**
 :
v.  :      **OPINION**
 :
PFIZER INC., PHARMACIA CORP.,  :      Civil Action No. 11-1383(DMC)(MF)
MARIE-CAROLINE SAINPY,  :
 :
      Defendants.  :
_____

DENNIS M. CAVANAUGH, U.S.D.J.:

      This matter comes before the Court upon Plaintiff Peter Rost's Motion for Remand to State Court and for Attorney's Fees. (ECF No. 7). Pursuant to Rule 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Plaintiff's Motion is **granted**.

**I.    BACKGROUND**

      This matter has been the subject of lengthy litigation in the Second Circuit. The Court will not recite the factual details discussed in that litigation, except as necessary to set a foundation for the questions presently before this Court.[1]

      In 2005, Plaintiff Peter Rost ("Plaintiff"), a New Jersey citizen, filed a complaint in the Southern

---

[1] A complete recitation of the underlying facts of this case can be found in Rost v. Pfizer, Inc., No. 05-cv-10384, 2009 WL 3097231 (S.D.N.Y. Sept. 24, 2009) (GBD), aff'd in part, rev'd in part, 400 Fed. App'x. 602 (2d Cir. 2010).

District of New York against his former employers, Pharmacia, Inc. and Pfizer, Inc., and three Pfizer executives, seeking to recover damages allegedly sustained as a result of violations of New Jersey and Federal law. Rost, 2009 WL 3097231 at *1. The District Court issued a judgment for Defendants on all claims. Id. On appeal, the United States Court of Appeals for the Second Circuit affirmed in part, but reversed and remanded with respect to the New Jersey law claims. 400 Fed. App'x. 602. At oral argument before the Second Circuit, the parties agreed that the only basis for federal jurisdiction in the case was federal question jurisdiction. Id. at 603. The Second Circuit noted, therefore, that the District Court "may also consider whether to decline to exercise supplemental jurisdiction over the pendent state law claims so that they may be brought in New Jersey state court." Id. at 603-604. On remand, the District Court issued an Order dated January 3, 2011, declining to exercise supplemental jurisdiction over the New Jersey law claims. (Ex. B to Certification of Mark D. Lurie; ECF No. 7-2).

On January 31, 2011, Plaintiff filed a Complaint with the Superior Court of New Jersey Law Division, Essex County, naming as defendants Pfizer, Inc. ("Pfizer"), Pharmacia Corp. ("Pharmacia"), and a Senior Vice President of Pfizer Pharmaceuticals Group (collectively, "Defendants"). (Ex. A to Notice of Removal; ECF No. 1). Defendants removed the case on March 11, 2011, asserting that this Court has diversity jurisdiction over the matter. (ECF No. 1). On March 30, 2011, Plaintiff filed the present Motion to Remand. Defendants filed their Opposition on May 16, 2011.[2] (ECF No. 15). Plaintiff filed his Reply on May 31, 2011. (ECF No. 16).

## II. STANDARD OF REVIEW

Removal of a case to federal court is governed by 28 U.S.C. § 1441. Parties seeking removal

---

[2] On May 3, 2011, the Court entered a Stipulation and Order extending Defendants' time to respond to Plaintiff's Motion to Remand through May 16, 2011. (ECF No. 15).

under Section 1441 bear the burden of showing that federal subject matter jurisdiction exists. See Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004). Removal statutes are to be strictly construed against removal, however, and courts must "resolve any doubts in favor of remand." See Entrekin v. Fisher Scientific, Inc., 146 F. Supp. 2d 594, 604 (3d Cir. 2001); Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992). Under Section 1441, an action may be removed from state court only when the federal court would have had original jurisdiction over the matter. See Allen v. GlaxoSmithKline PLC, 2008 U.S. Dist. LEXIS 42491, 2008 WL 2247067, at *2 (E.D. Pa. May 30, 2008). Accordingly, courts considering a motion for remand "must focus on the plaintiff's complaint at the time the petition for removal was filed," and "must accept as true all factual allegations in the complaint." Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

### III.  DISCUSSION

A. Diversity Jurisdiction

Defendants contend that removal in this case was proper because Pharmacia is only a citizen of Delaware, its place of incorporation. (Defs.' Br. 11). Defendants essentially argue that Pharmacia is an "inactive" corporation, as it is now only a holding company owned by Pfizer, and thus, no longer has a principal place of business distinct from its parent company. (Defs' Br. 11). Alternatively, Defendants contend that even if Pharmacia is a New Jersey corporation, this Court still has diversity jurisdiction because Pharmacia was fraudulently joined. (Defs.' Br. 12).

To satisfy the jurisdictional requirements of 28 U.S.C. § 1332(a)(1), the federal diversity statute, no plaintiff can be a citizen of the same state as any of the defendants. Carden v. Arkoma Assocs., 494 U.S. 185, 187 (1992). For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of

business . . . ." 28 U.S.C. § 1332(c).  Inactive corporations, or those that no longer engage in corporate activities, are citizens of their state of incorporation only.  See Midlantic Nat'l. Bank v. Hansen, 48 F.3d 693, 696 (3d Cir. 1995) (reasoning that since "corporate activities" determine a corporation's place of business for diversity purposes, a corporation which does not engage in corporate activities has no principal place of business).

In support of their contention that Pharmacia no longer has a principal place of business in New Jersey, Defendants offer the Declaration of Alys M. Kremer ("Kremer"), who is presently employed by Pfizer in the position of Senior Manager, Civil Litigation.  ("Kremer Decl.") (ECF No 15-1).  This declaration indicates that on April 16, 2003, Pfizer acquired Pharmacia and its subsidiaries, and transferred "all, or nearly all" of Pharmacia's employees onto Pfizer's payroll.  (Kremer Decl. ¶¶ 4-5).  Kremer states that Pharmacia has no principal place of business of its own, and that its officers and directors are Pfizer employees who serve in that capacity at Pharmacia as "an additional job duty." (Kremer Decl. ¶ 6).  Kremer further states that all of the directors are located in New York,  that only one Vice President maintains an office in New Jersey, and that "[a]ny signficant business decision concerning Pharmacia or its subsidiaries occurs predominately or entirely in New York."  (Kremer Decl. ¶ 6).  With regards to the former Pharmacia headquarters address in Peapack, New Jersey, Kremer states that none of the headquarters functions have been performed there since 2003, and Pfizer maintains "other operations" at that location and uses it as an address for purposes "such as Pharmacia's filing with the State of New Jersey or service of process on Pharmacia."  (Kremer Decl. ¶¶ 7-8).

Defendants have not convinced this Court that Pharmacia is a Delaware citizen only.  Defendants' assertions in the Kremer Declaration leave the Court with only an ambiguous picture of Pharmacia's corporate status.  It is unclear what "additional job duty" Pharmacia's officers and directors, and now

Pfizer employees, conduct for Pharmacia. It is equally unclear how many employees remain at Pharmacia, and what functions they perform, after "all, or nearly all" of those employees were transferred to Pfizer's payroll. Plaintiff, on the other hand, has presented evidence from the New Jersey Secretary of State demonstrating that as recently as 2010, Pharmacia listed its "main business address" as 100 Route 206 N., Peapack, N.J., and listed ten officers, directors, or members at that address. (Ex. C to Certification of Mark D. Lurie ("Lurie Cert."); ECF No. 7-2). An inactive corporation is one that "has ceased any and all business activities." Midatlantic, 48 F.3d at 696 n.4. Defendants have not demonstrated that Pharmacia has done so. Thus, this Court cannot say that Pharmacia's only place of citizenship is Delaware, its place of incorporation. As ambiguities are to be resolved in favor of remand, this Court finds that Defendants have not carried their burden of establishing the existence of complete diversity between the parties.

Defendants alternatively argue that Pharmacia was fraudulently joined to defeat diversity. As this Court has previously recognized, "a removing party who charges that a plaintiff has fraudulently joined a party to destroy diversity of jurisdiction has a 'heavy burden of persuasion.'" Ayabeng v. KMart Corp., No. 09-cv-730, 2009 U.S. Dist. LEXIS 59873 at *4 (D.N.J. July 14, 2009) (DMC) (citing Boyer v. Snap-On Tools, Corp., 913 F.2d 108, 111 (3d Cir. 1990)) (citations omitted). The removing party must prove that the claims against the non-diverse defendants are "wholly insubstantial and frivolous." Id. at *5 (citing Batoff v. State Farm Ins. Co., 977 F.2d 848, at 852 (3d Cir. 1992)). Indeed, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Id. (citing Boyer, 913 F.2d at 111 (3d Cir. 1990)). Further, the fraudulent joinder analysis is not a merits based determination. "[W]here there are colorable claims or defenses asserted against or by

diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses. Batoff, 977 F.2d at 851 (citing Boyer, 913 F.2d at 113) (citations omitted).

Pharmacia has been a party to this litigation since Plaintiff filed his original complaint in the Southern District of New York in 2005. Any claim that Plaintiff added Pharmacia in bad faith to defeat diversity would be illogical, since the issue of diversity did not even arise until, at the earliest, 2009. Instead, Defendants argue that there is no viable cause of action against Pharmacia. (Defs.' Br. 12-13). In so doing, Defendants cite to In re Briscoe, 448 F.3d 201 (3d Cir. 2006), and invite this Court to "pierce the pleadings" to examine evidence that may decide a dispositive non-merits based issue, such as a time bar based on statute of limitations. (Defs.' Br. 13). On this basis, Defendants argue that Plaintiff's wrongful termination claim is not viable against Pharmacia, since Plaintiff's employment with Pharmacia ended as part of a general termination of thousands of Pharmacia employees. (Defs' Br. 14). Defendants claim that no reasonable inference of wrongful termination is possible in the face of such widely applied employment action, citing to the First Circuit's decision in Rivera-Colon v. Mills, 635 F.3d 9 (2011). (Defs.' Br. 14).

Defendants' arguments fall short of their "heavy burden" of persuasion. A single citation to a principle of Federal retaliation law from the First Circuit has no bearing on how a New Jersey court would apply New Jersey law to the claim of a New Jersey citizen. For this reason, Defendants have failed to persuade this Court that there is not "even a possibility" that a New Jersey court would find a valid cause of action in the Complaint. Accordingly, remand is proper.

B. Attorney's Fees

An order to remand a case "may require payment of just costs and any actual expenses, including

attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Generally, fees may be awarded if "the removing party lacked an objectively reasonable basis for seeking removal." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005). While the Court agrees with Plaintiff that removal in this case was improper, it does not go so far as to agree that Defendants' basis for removal was not "objectively reasonable." Defendants have set forth reasonable, albeit insufficient, arguments in favor of removal. Accordingly, the facts of this case do not justify an award of attorney's fees.

### IV.     <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Motion to Remand is **granted**, and Plaintiff's Motion for Attorney's Fees is **denied**.

      S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:      October   28  , 2011
Orig.:      Clerk
cc:      All Counsel of Record
      Hon. Mark Falk, U.S.M.J.
      File